DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1914

C. H. Wayne, Appellant, v. E. W. Wagner et al., trading as E. W. Wagner & Company, Appellees.

## Gen. No. 20,163.

1. BOARDS OF TRADE AND EXCHANGES, § 29*—*liability of broker in purchasing grain for delivery.* Where a customer through his commission firm made "short" sale of 20,000 bushels of corn for September delivery and directed the latter to buy on the board for delivery and the firm on September 30th bought for such customer and other customers for 73½ cents per bushel, and on the next day, October 1st, purchased 20,000 bushels of corn for 70 cents per bushel for delivery on that day for another party, *held* that the customer was not entitled to recover from the firm the difference of 3½ cents per bushel for the reason that the making of the latter purchase was not a transaction in which the firm was acting as agent for him.

2. BOARDS OF TRADE AND EXCHANGES, § 29*—*when broker not liable for excessive price paid in purchasing grain for delivery.* Where a person sold "short" a certain number of bushels of corn deliverable on a certain day, and on that day sent a telegram to his commission firm that he would not order the corn bought for delivery which was received by the firm until two minutes before the close of the market for the day, and the firm then bought the grain for delivery at from 46½ to 45½ cents and the market closed at 45⅝ to 45½ cents, *held* that the customer was not entitled to recover

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

(1)

from the firm the difference between the price paid and the closing price for the reason that he had given no order to buy and for the further reason that the firm could not be expected to buy at the closing price.

3. GAMING, § 30*—persons not liable in gambling transaction. Where a firm at the request of one of its patrons paid out money on his order, and to be charged to his account, to another for the purpose of placing the same on an election bet, the patron is not entitled to recover the sum from the firm on the theory that the transaction was illegal, it appearing that the firm never aided or abetted him in making the bet and that the firm and the person to whom the money was paid were his agents.

Appeal from the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in this court at the March term, 1914. Affirmed. Opinion filed November 30, 1914.

CHARLES A. BUTLER, for appellant; FRANKLIN RABER, of counsel.

CHESTER ARTHUR LEGG, for appellees.

MR. JUSTICE BAKER delivered the opinion of the court.

The defendants below, appellees here, are commission merchants on the Chicago Board of Trade under the firm name of E. W. Wagner & Company, and had a branch office at Rock Island. Plaintiff Wayne was a customer of Wagner & Company and transacted business with them through their Rock Island office. The claims sued on in this case grew out of three separate and independent transactions, each depending on its own circumstances, and they will therefore be considered separately.

I.

THE CLAIM FOR $700 ON THE TRANSACTIONS OF SEPTEMBER 30 AND OCTOBER 1, 1912.

Wayne had sold "short" through Wagner & Company 20,000 bushels of corn for September delivery. This corn Wagner & Company must deliver September 30th or "default." Wayne ordered Wagner &

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Company to buy on the Board 20,000 bushels of corn September 30th to deliver on his "short" sales. Other customers of Wagner & Company were short of corn and Wagner & Company bought before the close of "Change" September 30th, 70,000 bushels of cash corn at 73½ cents, supposing that amount was all they required to fill their contracts. It turned out that they required 20,000 bushels more and Slaughter & Company offered to sell them that quantity for immediate delivery if they would sell to Slaughter & Company the same quantity at the same price, deliverable the following day. This offer was accepted and the purchase and sale made as proposed. Wagner & Company then, on September 30th, delivered the corn they had sold for September delivery for Wayne and advised him by telegraph the same day that they had bought for him 20,000 bushels of September corn at 73½ cents and delivered the same. The result of the transactions in question was to leave Wagner & Company "short" 20,000 bushels of corn deliverable October 1st. The price of corn for immediate delivery declined to 70 cents per bushel on the morning of October 1st, and at that price Wagner & Company bought 20,000 bushels to deliver on their sale of the day before to Slaughter & Company.

The claim of Wayne is that he was entitled to $700, the difference between 73½ cents, the price at which Wagner & Company sold the 20,000 bushels to Slaughter & Company, and 70 cents, the price at which they bought October 1st the corn to deliver on that sale.

We think the learned judge of the Municipal Court properly decided that Wayne was not entitled to recover the amount of such difference from Wagner & Company. When Wagner & Company bought the corn pursuant to his order at 73½ cents and delivered the same on his "short" sale, they had done all that he ordered them to do. If in order to buy the 20,000 bushels of corn for him they sold a like amount de-

liverable the next day, that transaction was not one in which they acted as the agents of Wayne, but one in which they and they alone took a risk. If corn had advanced 3½ cents, they would have been compelled, to avoid default, to buy the corn at that price, and as in that case the loss would have been theirs, we think that in the instant case the profit was theirs.

## II.

THE CLAIM FOR $806.25 ON TRANSACTIONS OF DECEMBER 31, 1912.

December 31, 1912, Wayne was "short" 190,000 bushels of corn deliverable that day. He early in the day expressed to the manager of Wagner & Company's Rock Island office the belief that it was not necessary for him to buy in his "short" corn. He conceived the idea that if he failed to deliver he had a right to settle at the closing price. Wagner telegraphed him, as the fact was, that the rules did not so provide; that the settlement would be made on the value of the corn as ascertained by a committee of the Board, to which would be added damages of five or ten per cent. Wayne telegraphed that he would not order the corn bought. This telegram was received at 1:13 P. M., two minutes before the close of the market for the day, and Wagner & Company proceeded to buy the corn at from 46½ to 45½ cents. The market closed at 1:15 P. M. at 45⅝ to 45½ cents.

Wagner's claim is that he was entitled to the difference between 45½ cents, the closing price, and the price paid by Wagner & Company for the corn. Clearly, Wayne was not entitled to recover on the ground that he had given an order to buy at the closing price, first, because he gave no such order; and second, because no one could tell in advance who would make the very last sale nor what the closing price would be. We think that when Wagner & Company began to buy the corn only two minutes before the

close of the market and bought 190,000 bushels, not *en bloc,* but from different brokers at different prices, they made diligent effort to buy at the closing price.

Wayne had no right, by refusing to give the order to buy, to compel Wagner & Company to default and pay the price and damages fixed by a committee of the Board. If he wished them to default on his sales, he should have given them positive orders to do so, and then he would have been liable to pay the price and damages fixed by a committee of the Board. In this case the minimum damages of five per cent. in case of default would have amounted to more than $4,000, and Wayne could not, by merely refusing to give orders to buy, compel the defendant to default and thereby become liable for such damages.

We think the court properly found for the defendants on this claim for damages, because they, at the time and under the circumstances stated, bought in the 190,000 bushels of corn they had sold "short" on the order of the plaintiff.

### III.

THE PLAINTIFF IS NOT ENTITLED TO RECOVER OF THE DEFENDANTS THE $300 WHICH THEY, ON HIS ORDER, PAID TO LEDSWORTH TO BET ON THE PRESIDENTIAL ELECTION OF 1912.

November 4, 1912, the day before the election, McCormick, the manager of the Rock Island office of defendants, at plaintiff's request telegraphed Ledsworth, the chief telegrapher of defendants at Chicago, inquiring whether he could place bets of 3 to 1 on Wilson in Chicago, and was informed that he could, and McCormick so reported to plaintiff. Plaintiff then directed McCormick to wire C. A. Johnson, general manager of defendants, to hand $300 to Ledsworth and charge same to his account. Johnson did so and plaintiff now claims that defendants should pay to him the amount handed to Ledsworth. Whether Ledsworth in fact bet the money so handed to him does not ap-

pear; nor is it, in our opinion, material to inquire. There is no pretense that he bet the money with defendants nor that they had anything to do with the transaction except to hand Wayne's money over to Ledsworth, knowing that he had directed Ledsworth to bet the same with some third person. Under our statute a "loser" may recover from a "winner" money won in gambling, but the money in question was not "won" by the defendants. The defendants did not aid or abet the plaintiff to bet on the election. They only paid his money on his order to Ledsworth, and we know of no case which holds that money so paid can be recovered by the person ordering it paid from the person paying it. In carrying out the orders of the plaintiff, McCormick and Ledsworth were not acting as agents of the defendants or in the course of their duty as defendants' employees, but as agents for and under the express directions of the plaintiff.

We think the court properly held that the plaintiff was not entitled to recover the money so paid.

We think that on the entire case the judgment is right and it is affirmed.

*Affirmed.*